**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50432 |
| Plaintiff - Appellee, | D.C. No. 3:11-CR-01280-LAB-1 |
| v. | |
| FELIPE JASSO–RIOS, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted February 13, 2013**
Pasadena, California

Before: KOZINSKI, Chief Judge, SILVERMAN, Circuit Judge, and RAKOFF,
Senior District Judge.***

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable Jed S. Rakoff, Senior United States District Judge for the Southern District of New York, sitting by designation.

Felipe Jasso–Rios contends that the district court committed plain procedural error by failing to appreciate its discretion to vary downward from the Guidelines on policy grounds under Kimbrough v. United States, 552 U.S. 85, 109–110 (2007), and by improperly considering the cost of prosecution at sentencing. The record belies these contentions. The district court considered Jasso–Rios's policy challenge, and did not plainly err in rejecting it as beside the point in light of Jasso–Rios's long record of immigration offenses. See United States v. Ayala-Nicanor, 659 F.3d 744, 752 (9th Cir. 2011). In addition, the district court's discussion of the cost of prosecution was, in context, simply an explanation of the enhanced need for deterrence and public protection in this case.

Jasso–Rios also contends that his within–Guidelines sentence is substantively unreasonable. In light of the sentencing factors under 18 U.S.C. § 3553(a) and the totality of the circumstances, including Jasso–Rios's two prior convictions and more than forty encounters with immigration officials, the sentence is substantively reasonable. See Gall v. United States, 552 U.S. 38, 51 (2007); see also United States v. Carty, 520 F.3d 984, 993 (9th Cir. 2008) (en banc).

**AFFIRMED.**